Andrew PRESTON and Rebecca Preston, Appellants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent.

No. ED 94294.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 21, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 2010.

Application for Transfer Denied Dec. 21, 2010.

Brian S. McChesney, Craig M. Ortwerth, St. Louis, MO, for Appellant.

Kimberly A. Maschmeyer, St. Louis, MO, for Respondent.

ROY L. RICHTER, C.J.

Andrew Preston ("Preston") appeals the trial court's decision granting American Family Mutual Insurance Co.'s ("American Family") Motion for Summary Judgment ("motion"). We reverse and remand.

## I. BACKGROUND

On September 27, 2003, Preston, 13 years old at the time, was riding his bicycle at the intersection of Fee Fee Road and Midland. Preston, wanting to cross Fee Fee Road on his bicycle, looked for an opportunity to cross. A northbound elderly female motorist on Fee Fee Road stopped her car and waved to Preston to cross the street. Preston began to cross, but was struck by a southbound car driven by Timothy Leyes ("Leyes"). Preston sustained a brain injury and multiple orthopedic injuries, including complex fractures of the left leg, which required multiple surgeries.

Preston filed suit against Leyes and American Family on March 17, 2003. Preston dismissed his claim against Leyes on July 7, 2009. Preston's claim against American Family was an uninsured motorist claim, alleging that the unidentified elderly female motorist who waved to Preston to cross the street acted negligently, and that Preston was injured as a direct and proximate result of that unidentified motorist.[1] American Family filed its motion for summary judgment on January 13, 2009, and the trial court granted it on December 31, 2009. Preston appeals.

## II. DISCUSSION

■ In Preston's sole point on appeal, he argues that the trial court erred by entering summary judgment in favor of American Family because the uninsured motorist was the proximate cause of Preston's injures. We agree.

Review on appeal of summary judgment is essentially de novo. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

■ In order to succeed on an unidentified uninsured motorist claim, a plaintiff must show that: (1) the unidentified motorist was uninsured; (2) causation; (3) the amount of damages. *Bryan v. Peppers*, 175 S.W.3d 714, 721 (Mo.App. S.D. 2005).

We find that there is a genuine issue of material fact as to element (2) causation. It is unclear if the unidentified motorist

---

1. An unidentified motorist is deemed to be an uninsured motorist. Section 379.203(1) RSMo sup 2002

was the cause of Preston's injuries, or if Preston's own negligence was the cause. Preston has presented sufficient evidence that the unidentified motorist could have been negligent in gesturing for him to cross a busy street with traffic approaching from the opposite direction. Because there is a genuine issue of material fact, causation is a question best left to the jury, and therefore summary judgment was improper. Point granted.

### III. CONCLUSION

We reverse and remand.

KENNETH M. ROMINES, and MICHAEL BULLERDIECK, SP., JJ., concur.